Gardner 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-95-00150-CR


NO. 03-95-00151-CR


NO. 03-95-00152-CR







Yvonne G. Gardner, Appellant



v.



The State of Texas, Appellee








FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY


NOS. 42,491, 42,492 & 42,493, HONORABLE HOWARD S. WARNER, JUDGE PRESIDING






 

 After a bench trial, the county court at law convicted appellant Yvonne Gardner
on three counts of violating a City of Niederwald ordinance that prohibits the subdivision of land
without approval from the city council. The court sentenced Gardner to a $500 fine for each
count, and Gardner now appeals. In all three causes, we will reverse the judgment of conviction
and render judgment of acquittal because the record does not contain legally sufficient evidence
to connect Gardner personally with the offense alleged.



BACKGROUND


 The City of Niederwald, located in Hays County, has adopted an ordinance to
control the subdivision of land in the city: (1)

Until a preliminary plan of a subdivision is approved in accordance with [this
ordinance], no person shall subdivide or submit a final plat thereof . . . or proceed
with any grading, construction or work on the same.


. . . .


In the event a corporation is the violator of any provision of this ordinance, each
officer, agent, and/or employee committing or assisting in the commission or
acting as an accomplice of such violation shall be individually and severable [sic]
liable for the penalties herein prescribed.



The ordinance also provides procedures by which a developer may submit a subdivision plan for
approval by the city council.

 The city brought three complaints against Gardner in justice court, alleging an
ongoing violation of the ordinance due to the unapproved subdivision and sale of lots from the 3G
Ranch by the 3G Land and Cattle Company, Inc. ("3G Land and Cattle") in August 1993. After
being convicted on all three counts in justice court, Gardner appealed to the county court at law
for a trial de novo. Following a brief bench trial with only one witness, the county court at law
also convicted Gardner on all three counts and assessed a $500 fine for each count. Gardner now
appeals.



DISCUSSION


 In her third, fourth, and fifth points of error, Gardner urges that the evidence in
the record is insufficient to support her convictions under the ordinance. More specifically,
Gardner argues that the evidence fails to connect her individually with the land sale that violated
the ordinance. Gardner urges that, although the record demonstrates a violation of the ordinance
by others, it does not show that she did so. We agree.

 Gardner attacks the evidence supporting her conviction as "insufficient"; we
construe her points of error as challenging the legal sufficiency of the evidence. See Bonham v.
State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984); Griffin v. State, 614 S.W.2d 155, 159 (Tex.
Crim. App. 1981). The critical inquiry on review of the legal sufficiency of the evidence to
support a criminal conviction is whether the record evidence could reasonably support a finding
of guilt beyond a reasonable doubt. This Court does not ask whether it believes that the evidence
at trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether,
after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19 (1979); Griffin, 614 S.W.2d at 159. 

 At trial, the State's theory was that Gardner had sold a part of the 3G Ranch located
in the City of Niederwald in violation of the ordinance. To prove the violation, the State offered
one witness, Ms. Fern House, the mayor of Niederwald, and four documentary exhibits, including
a copy of the ordinance. Taken in the light most favorable to the State, the evidence shows as
follows: (1) by the year 1991, Gardner obtained some type of ownership interest in the 3G Ranch;
(2) in 1991, Gardner submitted a plat for section one of the ranch, which was approved by the city
council, and sold two lots from the approved plat; and (3) in August 1993, a lot from section two
of the ranch was sold without an approved plat. The August 1993 sale was the basis of the State's
case against Gardner.

 The warranty deed and deed of trust from the August 1993 sale show that the
property was sold by 3G Land and Cattle acting through its president, William B. Gardner, Jr. (2) 
Yvonne Gardner's name does not appear in either the warranty deed or deed of trust from the
sale. In February 1994, 3G Land and Cattle submitted to the Niederwald city council a plat of
section two of the ranch that was signed by Yvonne Gardner in her capacity as vice-president of
3G Land and Cattle.

 We hold that this evidence is legally insufficient to support Gardner's convictions
because it does not connect her to the land sale that violated the ordinance. The August 1993 sale
was made by a Texas corporation acting through its president. The ordinance provides that an
officer of a corporation violating the ordinance is liable only if the officer assists in the violation
or acts as an accomplice to the violation. There is no evidence that Yvonne Gardner was an
officer of the corporation at the time of the sale in 1993; the evidence shows only that she was an
officer in early 1994, approximately five months after the time of the sale. Although there is
evidence that Gardner submitted a plat for section one of the ranch in 1991, there is no evidence
in the record showing that 3G Land and Cattle existed in 1991 or, if it did, that Gardner was an
officer of the corporation at that time.

 At most, the evidence shows Gardner was an officer of 3G Land and Cattle five
months after the violation. The record evidence might well support a conviction against 3G Land
and Cattle or against William Gardner, the officer shown to have effectuated the sale on behalf
of the company. The evidence, however, does not connect Yvonne Gardner to the improper sale
in any way. We therefore hold that no rational trier of fact could, on the basis of the record
evidence, have found that Gardner violated the ordinance.

 Because we have found the evidence legally insufficient to support Gardner's
convictions, we accordingly reverse the judgments of conviction and render judgment that Gardner
be acquitted in all three causes. See United States v. Burks, 437 U.S. 1, 18 (1978); Meraz v.
State, 785 S.W.2d 146, 156 (Tex. Crim. App. 1990).



 


 Mack Kidd, Justice


Before Justices Aboussie, Kidd and Davis*

Reversed and Rendered on All Causes

Filed: February 28, 1996

Do Not Publish






* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   The ordinance covers not only the city limits of Niederwald but also the city's
extraterritorial jurisdiction.
2.   The record does not indicate whether Yvonne Gardner and William B. Gardner, Jr. are
related in any fashion.




Virginia, 443 U.S. 307, 318-19 (1979); Griffin, 614 S.W.2d at 159. 

 At trial, the State's theory was that Gardner had sold a part of the 3G Ranch located
in the City of Niederwald in violation of the ordinance. To prove the violation, the State offered
one witness, Ms. Fern House, the mayor of Niederwald, and four documentary exhibits, including
a copy of the ordinance. Taken in the light most favorable to the State, the evidence shows as
follows: (1) by the year 1991, Gardner obtained some type of ownership interest in the 3G Ranch;
(2) in 1991, Gardner submitted a plat for section one of the ranch, which was approved by the city
council, and sold two lots from the approved plat; and (3) in August 1993, a lot from section two
of the ranch was sold without an approved plat. The August 1993 sale was the basis of the State's
case against Gardner.

 The warranty deed and deed of trust from the August 1993 sale show that the
property was sold by 3G Land and Cattle acting through its president, William B. Gardner, Jr. (2) 
Yvonne Gardner's name does not appear in either the warranty deed or deed of trust from the
sale. In February 1994, 3G Land and Cattle submitted to the Niederwald city council a plat of
section two of the ranch that was signed by Yvonne Gardner in her capacity as vice-president of
3G Land and Cattle.

 We hold that this evidence is legally insufficient to support Gardner's convictions
because it does not connect her to the land sale that violated the ordinance. The August 1993 sale
was made by a Texas corporation acting through its president. The ordinance provides that an
officer of a corporation violating the ordinance is liable only if the officer assists in the violation
or acts as an accomplice to the violation. There is no evidence that Yvonne Gardner was an
officer of the corporation at the time of the sale in 1993; the evidence shows only that she was an
officer in early 1994, approximately five months after the time of the sale. Although there is
evidence that Gardner submitted a plat for section one of the ranch in 1991, there is no evidence
in the record showing that 3G Land and Cattle existed in 1991 or, if it did, that Gardner was an
officer of the corporation at that time.

 At most, the evidence shows Gardner was an officer of 3G Land and Cattle five
months after the violation. The record evidence might well support a conviction against 3G Land
and Cattle or against William Gardner, the officer shown to have effectuated the sale on behalf
of the company. The evidence, however, does not connect Yvonne Gardner to the improper sale
in any way. We therefore hold that no rational trier of fact could, on the basis of the record
evidence, have found that Gardner violated the ordinance.

 Because we have found the evidence legally insufficient to support Gardner's
convictions, we accordingly reverse the judgments of conviction and render judgment that Gardner
be acquitted in all three causes. See United States v. Burks, 437 U.S. 1, 18 (1978); Meraz v.
State, 785 S.W.2d 146, 156 (Tex. Crim. App. 1990).



 


 Mack Kidd, Justice


Before Justices Aboussie, Kidd and Davis*

Reversed and Rendered on All Cause